No. 1937.—JOSEPH ALEIX v. CHARLES DERBIGNY.—WIDOW DUFFEL, Tutrix, Intervenor.

The intervenor is not entitled to appeal from a judgment against the defendant, if no judgment has been rendered by the court below on the intervention.

APPEAL from Sixth District Court of New Orleans. *Duplantier*, J. *Julien A. Seghers*, for intervenor, appellant. *Saucier & Michinard* and *L. Duvignaud*, for appellees.

HOWELL, J. The plaintiff purchased four lots of ground, in New Orleans, from the defendant, at public auction, but, having refused to comply with the terms of sale, he was notified that the property would be sold again, at his risk; whereupon, alleging apprehended injury to his credit, he obtained an injunction, restraining the defendant from proceeding with said threatened sale, *à la folle enchère*, on the ground that the title of the latter was imperfect, for the following reasons, to wit: The said lots were once sold by the defendant to Albert Duffel, now deceased, whose succession was accepted, with benefit of inventory, by the widow and children, some of whom are minors, and before its final liquidation, a retrocession of said lots was made to the defendant, for the unpaid price owing by the succession, upon the advice of a family meeting, and judgment of court homologating the deliberations thereof. But the undertutor of the minors did not attend the said meeting, they being represented by an undertutor *ad hoc*, appointed for the purpose, and the action of the beneficiary heirs, widow and tutrix, in effecting said retrocession, is illegal, and not warranted by law.

The defendant, without excepting, answered, maintaining the validity of his title, and the regularity of the proceedings by which the retrocession, or compromise, was authorized and effected, which resulted in guarding the interests of the minors, as the price due on it at the time exceeded that for which it was, immediately after, sold to the plaintiff,. and the succession was saved an actual loss, besides the expense of a sale under legal process.

The widow and tutrix intervened, adopting the defense of the defendant, and joining in his prayer for a decree dissolving the injunction, and declaring his title good and valid.

Judgment was rendered, on the fifth of November, 1867, in favor of plaintiff, perpetuating the injunction, and condemning the defendant to pay costs, but making no disposition of the intervention; and, on the fourth of November, 1863, the intervenor, as widow and tutrix,. alone appealed.

It is manifest that the judgment is res judicata, as to the plaintiff and defendant, appellees, and can not be disturbed as to them, and it is difficult to conceive what judgment can be given by us on this appeal that will alter or affect the rights of the several parties. Whatever may be the effect of the judgment, as between the plaintiff and defendant, it does not seem to us that it concludes the rights of intervenor, whose intervention was not passed on by the court below. She did not require a decision thereon; and, with the decision of the main action, the intervention falls. 4 An. 279; 12 An. 460; 14 An. 426.

It is therefore ordered that the appeal herein be dismissed, without prejudice to the rights of the intervenor. Costs of appeal to be paid by appellant.